IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BIO MED SCIENCES, INC. | CIVIL ACTION No.: _____ |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| GOTTFRIED MEDICAL, INC. and | |
| ABC Corps. 1-10 | |
| Defendants. | |

**VERIFIED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Bio Med Sciences, Inc. (hereinafter "Bio Med" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant, Gottfried Medical, Inc., (hereinafter "Gottfried") and Defendants ABC Corps. 1-10 (Gottfried and Defendant ABC Corps. 1-10 collectively referred to as "Defendants"), alleges on knowledge as to its own acts and otherwise on information and belief as follows:

**PARTIES**

1. Bio Med is a corporation organized and existing under the laws of the state of New York and has a principal place of business located at 7584 Morris Court, Suite 218, Allentown, PA 18106, and is registered to do business in Pennsylvania.

2. Upon information and belief, Defendant Gottfried is a corporation organized and existing under the laws of the state of Ohio and has a principal place of business located at 2920 Centennial Rd., Toledo OH 43617-1833. Defendant Gottfried does business within the Commonwealth of Pennsylvania, including in this judicial district.

3. Upon information and belief, Defendants ABC Corps 1-10 are distributors and or manufacturers of Defendant Gottfried's ENSIL FABRIC and/or Defendant Gottfried's

therapeutic garments made from the ENSIL FABRIC and/or produce therapeutic products from Defendant Gottfried's ENSIL FABRIC.

## NATURE OF THIS ACTION, JURISDICTION, AND VENUE

4. This action arises under the patent laws of the United States of America, Title 35 of the United States Code, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This court has jurisdiction over the subject matter of this action pursuant to 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331 and 1338.

5. Personal jurisdiction in this district is proper inasmuch as Defendants do business within, have dealers located within, or have sufficient minimum contacts with the forum as a result of business regularly conducted within the Commonwealth of Pennsylvania, including within this judicial district. Personal jurisdiction also specifically exists over Defendants as a result of, at least, Defendants' distribution network, wherein Defendants placed instrumentalities that practice the claimed inventions of the United States Patent No. 8,084,051 owned by the Plaintiff, within the stream of commerce, which stream is directed at this district, and by committing the tort of patent infringement within the Eastern District of Pennsylvania.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as well as 28 U.S.C. § 1400(b).

7. Jurisdiction in this district is proper inasmuch as Plaintiff's patented products are sold and/or distributed by Plaintiff and Plaintiff's distributors, in this district, including in Philadelphia, Pennsylvania.

## FACTS

8. Plaintiff Bio Med is a leader in the engineering and manufacturing of products for wound care, scar management, and skin renewing technologies.

9. Plaintiff Bio Med is the owner of numerous patents relating to the treatment of wounds, burns, and scars.

10. On December 27, 2011, the United States Patent and Trademark Office issued U.S. Patent No. 8,084,051 (hereinafter referred to as the "'051 patent") duly and legally to Mark E. Dillon for an invention entitled "Therapeutic Medical Garments With Silicone Sheeting Component For Scar Treatment, Process Of Manufacture And Use". The '051 patent is in full force and effect, and a copy of the '051 patent is attached hereto as Exhibit 1.

11. Plaintiff Bio Med is the assignee of the '051 patent and the owner of all right title, and interest in and to the '051 patent. The Plaintiff owned the '051 patent throughout the period of Defendants' infringing acts, and Plaintiff still owns the '051 patent.

### DEFENDANT'S AND DEFENDANTS' INFRINGEMENT

12. On information and belief, Defendant Gottfried is in the business of engineering and manufacturing of pressure garments for the control and/or treatment and management of venous insufficiency, lymphedema, burns, surgical complications, and dermal scarring. .

13. On information and belief, Defendant Gottfried manufactures, markets, and sells a product called ENSIL FABRIC which is a silicone bonded fabric with a reinforcing layer used to treat and manage dermal scarring.

14. Defendant Gottfried's ENSIL FABRIC product embodies or incorporates, or the production of ENSIL FABRIC which otherwise practices, one or more claims of Plaintiff Bio Med's '051 patent.

15. Plaintiff Bio Med has complied with the statutory requirement of placing a notice of the Letters Patent (the '051 patent) on all labeling of composite materials it manufactures and

sells for therapeutic medical garments for scar treatment, and has given Defendant Gottfried, written notice of the infringement.

16. On February 15, 2012, counsel representing Plaintiff Bio Med sent a cease and desist letter to Brent Gottfried, president of Defendant Gottfried, putting Gottfried on notice of Bio Med's `051 patent and demanding that Defendant Gottfried cease and desist Gottfried's infringement of the `051 patent. (A copy of the February 15, 2012 letter is attached as Exhibit 2)

17. Plaintiff Bio Med's counsel's letter of February 15, 2012 to Defendant Gottfried included a copy of Plaintiff's `051 patent.

18. Defendant Gottfried did not formally reply to Plaintiff Bio Med's counsel's letter of February 15, 2012.

19. On April 1, 2013, Thomas D. Pigott, Esq., counsel representing Defendant Gottfried, sent a letter to Plaintiff Bio Med's CEO, Mark E. Dillon, threatening to file a lawsuit against Plaintiff Bio Med for informing Defendant Gottfried's customers (Defendants ABC Corps. 1-10) of Bio Med's patent rights to the `051 patent (hereinafter refereed to as the "Pigott letter"). (A copy of the April 1, 2013 Pigott letter is attached hereto as Exhibit 3)

20. Also on April 1, 2013, William A. Ziehler, Ph.D., Esq., another attorney acting on behalf of Defendant Gottfried, sent a letter to Plaintiff's counsel, John F.A. Earley III, asserting that Plaintiff Bio Med's `051 patent is invalid and cannot be infringed (hereinafter referred to as the "Ziehler letter"). (A copy of the April 1, 2013 Ziehler letter is attached hereto as Exhibit 4)

21. The April 1, 2013 Ziehler letter asserts that the `051 patent is invalid in view of U.S. Patent No. 4,838,253 ("`253 patent") and U.S. Patent No. 5,874,164 ("`164 patent"), but does not provide any analysis, opinion, or reason why the `253 patent or `164 patent invalidate Plaintiff's `051 patent.

22. Defendant Gottfried, after receiving the February 15, 2012 letter referenced in ¶ 16 above (Exhibit 2 hereto), has continued to manufacture, market, offer for sale and sell its infringing ENSIL FABRIC.

23. Defendant Gottfried, after receiving the February 15, 2012 letter referenced in ¶ 16 above (Exhibit 2 hereto), has continued to manufacture, market, offer for sale and sell products that embody or incorporate, or for which the production thereof otherwise practices, one or more claims of Plaintiff Bio Med's '051 patent.

24. Upon information and belief, the Defendant Gottfried's ENSIL FABRIC is especially made or especially adapted for use in an infringement of the '051 patent, and the ENSIL FABRIC is not a staple article or commodity of commerce suitable for substantiated noninfringing use.

25. Upon information and belief, Defendant Gottfried, and potentially the other Defendants ABC Corps 1-10, specifically intended to induce infringement of the '051 patent and Defendant Gottfried has knowledge that Defendant Gottfried had induced acts that constituted infringement.

26. Upon information and belief, such acts of infringement have occurred and continue to occur without the authority or license of Plaintiff Bio Med.

27. Upon information and belief, Defendant Gottfried's infringement is willful and deliberate, and potentially Defendants ABC Corps 1-10's infringement is willful and deliberate.

28. Plaintiff Bio Med has been and is being damaged and will continue to be damaged by the infringing activities of Defendant Gottfried and Defendants ABC Corps. 1-10 complained about herein.

## COUNT I
## PATENT INFRINGEMENT OF US PATENT NO. 8,084,051

29. Plaintiff Bio Med hereby incorporates by reference the allegations set forth above in paragraphs 1-28.

30. Plaintiff Bio Med is the owner of all right, title, and interest in the `051 patent duly and properly issued by the United States Patent and Trademark Office on December 27, 2011. (Exhibit 1 hereto)

31. On information and belief, in contravention to 35 U.S.C. §§ 271(a)(b) and (c), Defendant Gottfried and Defendants ABC Corps 1-10 have infringed and/or are infringing the `051 patent by making, using, selling, and/or offering to sell, importing into the Untied States, or by inducing others (including on or more of the other Defendants) to make, use, sell, and/or offer to sell, or by contributing to another's (including another Defendant's) making, using, selling or offer to sell, products including but not limited to the therapeutic medical garments with silicone sheeting component for scar treatment, and/or by practicing contributing to another's practicing of, or inducing another to practice a process of manufacture and use, that embodies or incorporates, or otherwise practices, one or more claims of the `051 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bio Med prays:

A. For a judgment that one or more of the claims of the `051 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant Gottfried and/or by at least one other entity (including one or more other Defendants) whose infringement has been contributed to by Defendant Gottfried or one or more other Defendants and/or by at least

one other entity whose infringement has been induced by Defendant Gottfried or another Defendant;

  B. For a judgment that the '051 patent is valid and enforceable;

  C. That, pursuant to 35 U.S.C. § 283, preliminary and final injunctions be issued enjoining Defendants, their officers, agents, servants, employees and all those persons in active concert or participation with them from further infringement of the '051 patent;

  D. That Plaintiff Bio Med be awarded all appropriate damages pursuant to 35 U.S.C. § 284 for Defendants' past infringement, any continuing or future infringement of the '051 patent, and treble damages because of the willful nature of Gottfried's infringement and any other of Defendants ABC Corps. 1-10 found to have willfully infringed;

  E. That Plaintiff Bio Med be awarded an accounting for damages;

  F. That, pursuant to 35 U.S.C. § 284, Plaintiff Bio Med be awarded costs and pre-judgment and post-judgment interest at the maximum rate allowable by law on the damages caused by reason of Defendants' infringing activities complained herein;

  G. That, pursuant to 35 U.S.C. § 285, Plaintiff Bio Med be awarded attorney fees incurred in connection with this action; and

  H. That Plaintiff Bio Med be granted interest and costs, and such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

The Plaintiff, Bio Med, demands a trial by jury of all issues properly triable by jury in this action.

Date: <u>April 29, 2013</u>　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　Harding, Earley, Follmer & Frailey, P.C.

　　　　　　　　　　　　　　　　　　By:<u>/s/ *John F.A. Earley III*</u>
　　　　　　　　　　　　　　　　　　John F.A. Earley III (PA 38,839)
　　　　　　　　　　　　　　　　　　Frank J. Bonini, Jr. (PA 59,394)
　　　　　　　　　　　　　　　　　　Harding, Earley, Follmer & Frailey, P.C.
　　　　　　　　　　　　　　　　　　86 the Commons at Valley Forge East
　　　　　　　　　　　　　　　　　　1288 Valley Forge Road
　　　　　　　　　　　　　　　　　　Post Office Box 750
　　　　　　　　　　　　　　　　　　Valley Forge, Pennsylvania, 19482
　　　　　　　　　　　　　　　　　　Tel: (610) 935-2300
　　　　　　　　　　　　　　　　　　Fax: (610) 935-0600
　　　　　　　　　　　　　　　　　　jackearley@hardingearley.com
　　　　　　　　　　　　　　　　　　fbonini@hardingearley.com

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Bio Med Sciences, Inc.*

## VERIFICATION

I, Mark E. Dillon, declare as follows:

1. I am President of Bio Med Sciences, Inc.;

2. I have personal knowledge of the facts set out in the foregoing Complaint, and if called upon to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Complaint are true and correct to the best of my knowledge, and are based upon information obtained during the investigation of this matter.

Executed on _April 26_, 2013.

Mark E. Dillon
President
Bio Med Sciences, Inc.